IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CIVIL ACTION NO. 20-CV-4687 |
| : | |
| G. MICHAEL GREEN, *et al.*,  : | |
|     Defendants.  : | |

## MEMORANDUM

**JONES, J.**                                                                                                     OCTOBER 15  , 2020

      Plaintiff Stanley E. Kornafel filed a pleading he labeled a "criminal complaint" naming as Defendants three judges of the Delaware County Court of Common Pleas and a private attorney. The Complaint also cites the Civil Rights Act, 42 U.S.C. § 1985. Kornafel has also filed an application for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Kornafel leave to proceed without payment of the filing fee and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.    FACTUAL ALLEGATIONS

      Kornafel's "criminal complaint" asserts that there were "secretive actions" between Defendants Judge G. Michael Green, Judge Christine F. Gannon, Judge Spiros E. Angelos (collectively "the judicial Defendants"), and Scott D. Galloway, Esquire to rob him of his

---

[1] Kornafel served his "criminal complaint" on the Defendants without waiting for the Court to screen his pleading under § 1915. Defendants, perhaps unaware of the Court's screening obligation, filed a Motion to Dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Neither service by a party nor the filing of a responsive pleading effects the Court's duty and ability to screen a *pro se* complaint, which under the statute may occur "at any time." 28 U.S.C. § 1915(e)(2). Since the Court determines on screening that Kornafel's pleading fails to state plausible claims and is subject to dismissal with prejudice under the statute, the Motion will be dismissed as moot.

1

"monies and rights that could have been received by a jury trial." (ECF No. 1 at 1.)[2] Defendants, "through devious theft by deception," allegedly used their authority to deny him due process in a landlord-tenant dispute. (*Id.*) Judge Angelos allegedly gave the landlord-plaintiff in the case control of Kornafel's rent money, then told Kornafel he would vacate his order but, in doing so, concealed a false statement by Attorney Galloway. (*Id.* at 3.) Judge Angelos also allegedly blocked Kornafel from getting a trial in the case and failed to recuse himself. (*Id.*)

Judge Gannon allegedly took over the case from Judge Angelos but was also allegedly biased in favor of Attorney Galloway. (*Id.*) Judge Gannon directed Galloway to file a statement of damages in the landlord-tenant dispute, but Galloway never did so, and Judge Gannon took no action regarding the failure. (*Id.* at 3-4.) Judge Green then took over the case and allegedly took no action against Galloway when the attorney failed to adhere to a scheduling order. (*Id.* at 4.) Judge Green denied Kornafel's motion for change of venue and a request for reconsideration of a prior ruling and failed to follow state law in making his rulings. (*Id.* at 5.)

Despite being labeled a criminal complaint, Kornafel appears to bring a civil rights conspiracy claim under 42 U.S.C. § 1985. (*Id.*). He asserts his due process and free speech rights were violated by the Defendants.

## II.     STANDARD OF REVIEW

The Court grants Kornafel leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

To the extent Kornafel's pleading is intended to bring criminal charges against the Defendants, it fails to state a legal basis for any claim within the Court's jurisdiction. It is well established that private citizens have no constitutional right to compel law enforcement to arrest or prosecute an individual who allegedly committed a crime. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, Civ. A. No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"); *Sanders v. Downs*, Civ. A. No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to

[such] an investigation") (quoting *Fuchs v. Mercer Cty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civ. A. No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).  Because Kornafel has no right to file a federal criminal complaint, his pleading cannot state a plausible claim for relief and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent the Kornafel's pleading is intended to assert a civil rights conspiracy claim under § 1985 against the judicial Defendants and Attorney Galloway, it would also not be plausible.  Section 1985(3)[3] creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3).  To state a plausible claim under § 1985(3) a plaintiff must allege the following elements:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).  Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'"  *United Bhd. of Carpenters & Joiners of*

---

[3] Section 1985(1), which concerns conspiracies to prevent an officer from performing duties, and § 1985(2), which "prohibits conspiracies to retaliate against parties or witnesses in any United States Court," *Kane v. Chester Cty.*, 811 F. App'x 65, 71 (3d Cir. 2020), have no relevance here, so the Court will analyze Kornafel's claims under § 1985(3).

4

*Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3).  A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.").

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'"  *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

Kornafel's allegations of a civil rights conspiracy are wholly conclusory.  He also fails to allege that any Defendant was motivated by a racial- or class-based discriminatory animus.  Like the allegations in *Capogrosso*, Kornafel attempts to allege a conspiracy based on allegations of

5

judicial error or adverse rulings but alleges only conclusions and no specific facts demonstrating an agreement to commit the alleged improper actions.  The claim must, therefore, be dismissed.

The dismissal will be with prejudice.  Any amendment of the § 1985 claim against the judicial Defendants would be futile because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  While Kornafel alleges the judicial Defendants acted improperly, it is clear from his allegations that they were acting in their capacities as judges and within their subject matter jurisdiction.  Accordingly, they are absolutely immune from suit and any attempt at amendment would be futile.

Amendment of the claim against the judicial Defendants and Galloway would also be futile for an additional reason.  Kornafel brought a prior case against Galloway, as well as the same judicial Defendants, in which he raised the same § 1985 claim.  *See Kornafel v. Galloway*, E.D. Pa. Civ. A. No. 18-3241.  The initial complaint in that action was dismissed and Kornafel was granted leave to file an amended complaint.  (*Id.* ECF Nos. 4, 5.)  The amended complaint was then dismissed with prejudice when Kornafel failed to cure the defects the Court identified in his initial pleading.  (ECF Nos. 7, 8.)  Kornafel's appeal of the dismissal was rejected by the

United States Court of Appeals for the Third Circuit.  (ECF No. 11.)  Because the claim against Galloway, as well as the claim against the judicial Defendants, has been adjudicated in a final order, that decision is *res judicata* and Kornafel may not reassert it in a new lawsuit.[4]  *See Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (explaining that three elements are required for *res judicata* to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." (internal quotation marks omitted)).

An appropriate Order follows.

**BY THE COURT:**

*/s/* **C. Darnell Jones, II**
**C. Darnell Jones, II   J.**

---

[4] Kornafel's history of filing repetitive malicious lawsuits against the United States Postal Service recently led this Court to enter a pre-filing injunction against him.  *See Kornafel v. United States Postal Service*, E.D. Pa. Civ. A. No. 20-4503.  Kornafel is warned that filing future cases against the named Defendants in this case based on the same set of facts will result in another pre-filing injunction.